# NO. 12-08-00047-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BILLY SHANNON BOTHWELL,* *APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

*MEMORANDUM OPINION*

Billy Shannon Bothwell appeals his conviction for attempted burglary of a habitation. In three issues, Appellant argues that the trial court erred when it did not instruct the jury that it could find him guilty of a lesser offense and that the evidence is legally and factually insufficient to support the verdict. We affirm.

## BACKGROUND

A neighbor saw Appellant drive his truck up to a house, get out, walk around the house, peer into the windows, and then leave. The neighbor called the police. Appellant returned a short time later, took something out of his truck, and approached the house. The neighbor heard the sound of pounding on a window and glass breaking. Appellant left again, and the police arrived a short time later. The police observed that a window near a door to the home had been broken out. Police officer William Casper parked his vehicle in the neighborhood and waited to see if Appellant would return. Appellant did return, and Officer Casper stopped him.

Appellant explained to the officer where he was coming from and where he was going. This

explanation did not seem reasonable to the officer because the route described by Appellant unnecessarily ventured through a neighborhood with multiple stop signs and a far more direct route was available. The police officer also found a mallet in Appellant's truck with fragments of broken glass on it. The neighbor was brought to the scene and identified Appellant as the person he had seen earlier at the house. Appellant was arrested and indicted for the felony offense of attempted burglary of a habitation. The indictment also alleged, as punishment enhancements, that Appellant had eleven prior felony convictions.

Appellant pleaded not guilty at his trial. The jury convicted him as charged. Appellant pleaded true to five of the enhancement allegations, and the trial court assessed punishment at twenty–five years of imprisonment. This appeal followed.

## JURY INSTRUCTION

In his first issue, Appellant argues that the trial court erred in not instructing the jury that it could find him guilty of the offense of criminal trespass. Specifically, Appellant argues that he requested such an instruction and that the trial court should have given it because criminal trespass is a lesser included offense of attempted burglary of a habitation.

### Applicable Law

Article 36.14 of the code of criminal procedure requires the trial court to deliver to the jury "a written charge distinctly setting forth the law applicable to the case. . . ." TEX. CODE CRIM. PROC. ANN. art. 36.14 (Vernon 2007). Upon the defendant's request, a trial court must include a lesser included offense instruction in the jury charge if the offense is a lesser included offense and there is some evidence that, if the defendant is guilty, he is guilty only of the lesser offense. *See Guzman v. State*, 188 S.W.3d 185, 188 (Tex. Crim. App. 2006). However, a trial court need not instruct the jury on a lesser included offense unless requested to do so by the defendant. *See Delgado v. State*, 235 S.W.3d 244, 250 (Tex. Crim. App. 2007); *Middleton v. State*, No. 12-07-00066-CR, 2008 Tex. App. LEXIS 2137, at *9–10 (Tex. App.–Tyler Mar. 26, 2008, pet. ref'd) (mem. op., not designated for publication).

One offense is a lesser included offense of another if, as relevant here, it is established by proof of the same or less than all the facts required to establish the commission of the greater offense

2

charged. TEX. CODE CRIM. PROC. ANN. art. 37.09(1) (Vernon 2006). The court of criminal appeals has articulated a "cognate-pleadings analysis" in which a court evaluating a request for a lesser included offense instruction is to determine whether the elements of the lesser offense are pleaded as facts that must be proven in the indictment for the greater offense. *Hall v. State*, 225 S.W.3d 524, 535–37 (Tex. Crim. App. 2007). If the elements of the lesser offense are pleaded, the court must then evaluate the evidence and determine if the jury could find the defendant guilty only of the lesser offense. *Id.* at 536. The elements of attempted burglary, as alleged here, are

1) a person,
2) with the intent to commit the offense of burglary of a habitation,
3) does an act, to wit, breaking a window on said habitation,
4) which amounted to more than mere preparation that tended but failed to effect the commission of the offense intended.

TEX. PENAL CODE ANN. § 15.01 (Vernon 2003); TEX. PENAL CODE ANN. § 30.02 (Vernon 2003).

The elements of criminal trespass are

1) a person,
2) enters or remains on property,
3) without the effective consent of the owner,
4) and he had notice the entry was forbidden or received notice to depart but failed to do so.

TEX. PENAL CODE ANN. § 30.05 (Vernon Supp. 2008).

Whether criminal trespass is a lesser included offense of burglary can be a complicated question. The answer turns on whether the criminal trespass element of notice that entry is forbidden is included in the charging language of the greater offense and included in the evidence at trial. *See Hall*, 225 S.W.3d at 533, 535–36 ("[I]f the factual allegations in the charging instrument did not reflect that the building's exterior served as such a barrier, then 'additional facts' would be necessary to support trespass as a lesser-included offense."); *State v. Day*, 532 S.W.2d 302, 306 (Tex. Crim. App. 1976). For example, notice that entry is forbidden can come in the form of a fence or enclosure. *See* TEX. PENAL CODE ANN. § 30.05(b)(2)(B) (Vernon Supp. 2008). Therefore, that element can be present in the greater offense if it is alleged that the actor breached a fence or

3

enclosure. *See **Hall***, 225 S.W.3d at 533.

**Analysis**

Appellant's counsel initially requested that the jury be instructed that they could find Appellant guilty of the offense of criminal trespass as a lesser included offense of attempted burglary. In response, the trial court asked Appellant's counsel to "point me to whatever evidence, however slight, that would raise the possible guilt of criminal trespass - - which criminal trespass is with notice that entry's forbidden or warned - -." There is no such evidence, nor was notice, or constructive notice in the form or a fence or building exterior, alleged in the indictment.[1] Counsel acknowledged as much and withdrew his request by saying, "Notice would keep it out, Your Honor." This colloquy occurred next:

| The Court: | Okay. If it were a fence or a gate or - - |
| [Counsel]: | Right. |
| The Court: | - - or a sign. |
| [Counsel]: | Right. |
| The Court: | Okay. So any other requests or objections? |
| [Counsel]: | No other requests, no other objections. |

Because Appellant withdrew his request for an instruction, there is no complaint preserved for appellate review. *See **Delgado***, 235 S.W.3d at 250. Even if counsel had maintained his request, the trial court's position was the correct one. The indictment did not allege all of the elements of criminal trespass, and the evidence did not show that Appellant was on notice that entry on the real property was forbidden. Accordingly, the trial court would have been correct not to give the instruction if Appellant had persisted in his request. We overrule Appellant's first issue.

## SUFFICIENCY OF THE EVIDENCE

In his second and third issues, Appellant argues that the evidence was insufficient to support

---

[1] The indictment did not allege that Appellant entered the building. The trespass, if any, would have been to the complaining witness's real property, and it was not alleged that Appellant was on notice not to enter that property. Appellant did not request an instruction on the offense of attempted criminal trespass.

4

the verdict. Specifically, he argues that the evidence was insufficient to prove that he was the person who broke the window and insufficient to show that he did so with the specific intent to commit a burglary.

**Applicable Law**

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); *Ross v. State*, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004); *Willis v. State*, 192 S.W.3d 585, 592 (Tex. App.–Tyler 2006, pet. ref'd). Evidence is not legally sufficient if, when viewing the evidence in a light most favorable to the verdict, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Rollerson v. State*, 227 S.W.3d 718, 724 (Tex. Crim. App. 2007).

While legal sufficiency review is all that is required by the U.S. Constitution, the Texas Court of Criminal Appeals has determined that the Texas Constitution requires further review of the factual sufficiency of the evidence. *Clewis v. State*, 922 S.W.2d 126, 129–30 (Tex. Crim. App. 1996). Factual sufficiency review differs from legal sufficiency review only slightly. *See Marshall v. State*, 210 S.W.3d 618, 625 (Tex. Crim. App. 2006). In a factual sufficiency review, we review the evidence without the light most favorable to the verdict and we are authorized, "albeit to a very limited degree," to disagree with the jury's resolution of contested factual issues. *See id.*; *Watson v. State*, 204 S.W.3d 404, 414, 417 (Tex. Crim. App. 2006). In a review of the factual sufficiency of the evidence, we will conclude that the evidence is insufficient only if the great weight and preponderance of the evidence contradicts the jury's verdict or the verdict is clearly wrong and manifestly unjust. *See Rollerson*, 227 S.W.3d at 724; *Watson*, 204 S.W.3d at 417.

Under either standard, our role is that of appellate review, and the fact finder is the principal judge of the weight and credibility of a witness's testimony. *Wesbrook v. State*, 29 S.W.3d 103, 111–12 (Tex. Crim. App. 2000). The fact finder may choose to believe all, some, or none of a witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A

5

hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

The State was required to prove that Appellant, with the intent to commit the offense of burglary of a habitation, did an act that amounted to more than mere preparation but tended and failed to effect the commission of the intended offense. *See* TEX. PENAL CODE ANN. § 15.01 (Vernon 2003). As relevant here, a person commits burglary if, without the effective consent of the owner, he enters a habitation with intent to commit a felony, theft, or an assault. TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 2003).

**Analysis**

The jury had to decide whether Appellant was the one who broke out the window on the house and whether he did so with the intent to commit a burglary. The first question is easier. A neighbor saw an elderly man drive a pickup truck into the victim's driveway and walk around to the back of the house, looking through the fence and into windows. The same man returned minutes later and broke out a window next to a door. The police caught Appellant a short while later driving through the neighborhood, and the neighbor identified him. Finally, the neighbor identified Appellant in open court as the man he had seen the three previous times.

This evidence is sufficient for the jury to conclude that Appellant is the man who made a preparatory trip to the home, returned to break the window, and was apprehended driving in the vicinity of the home. The inference that Appellant was in the process of attempting to commit a burglary is supported by the following facts:

1) Appellant was apprehended in the neighborhood, and his explanation for why he was there was suspicious.

2) Appellant had a mallet in his truck with broken glass on it.

3) The home had alarm stickers on the windows, and Appellant's actions were consistent with a person preparing to gain entry while avoiding being apprehended if an alarm had been triggered.

A defendant's conduct and the surrounding circumstances may be found to imply intent to commit burglary. *See* **Linder v. State**, 828 S.W.2d 290, 294 (Tex. App.–Houston [1st Dist.] 1992,

6

pet. ref'd); *see also **Roane v. State**, 959 S.W.2d 387, 388–89 (Tex. App.–Houston [14th Dist.] 1998, pet. ref'd) (implying intent where defendant was found to be wearing gloves and chipping away at the caulking around the window of a stranger's house, and screen on the window had been removed). In ***Richardson v. State***, 973 S.W.2d 384, 387 (Tex. App.–Dallas 1998, no pet.), the court held that the finder of fact could infer intent to commit an attempted burglary where a neighbor saw two men pull up to a neighbor's house and the defendant was apprehended with a screwdriver that matched fresh pry marks on the door.

This case is similar to ***Richardson***, and we hold that the evidence is legally sufficient to support the verdict. Appellant's two trips to the house are consistent with the first steps of a burglary. His action of breaking out the glass window adjacent to the door can reasonably be understood to be a step toward burglarizing the home. And the jury could have reasonably concluded that the police stopped Appellant in the act of returning to the home to finish the burglary he had started.

We reach the same conclusion with respect to the factual sufficiency of the evidence. Appellant argues that the State did not prove that he intended to commit a theft and that there is no evidence that he exercised any possession of any items in the home. The evidence of intent to commit a theft is circumstantial. To be sure, if Appellant had made one trip to the home, or had not broken out the window, or if there had been another obvious motivation for his actions, it would have been more difficult to discern his intent. However, after considering all of the evidence, the jury could have rationally inferred that Appellant's broke out the window with the intent to return later to enter the home and to commit a theft. This conclusion is not against the weight of the evidence and is not clearly wrong or manifestly unjust. With respect to Appellant's argument that he did not exercise possession of any of the victim's property, the lack of that evidence is important in that a direct statement of Appellant's intent is not present in this case. But his intent could be shown circumstantially, and the State was not required to prove that Appellant completed a burglary or a theft because Appellant was only charged with attempted burglary of a habitation. Accordingly, we overrule Appellant's second and third issues.

## DISPOSITION

Having overruled Appellant's three issues, we *affirm* the judgment of the trial court.

   BRIAN HOYLE   

Justice

Opinion delivered March 31, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)